# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

RONNIE BROWN,

             Plaintiff,

vs.

LYNN PONCIN, et al.,

             Defendants.

Case No. EDCV 11-1268-CAS (DTB)

ORDER TO SHOW CAUSE

Plaintiff, while a prisoner at the West Valley Detention Center located in Rancho Cucamonga, California, lodged for filing a pro se complaint on August 4, 2011, in the Southern District of California. On August 8, 2011, the matter was transferred to the Central District of California, Eastern Division. On August 9, 2011, plaintiff filed a Declaration in Support of Request to Proceed Without Prepayment of Filing Fees. On August 24, 2011, the Court granted plaintiff leave to proceed in forma pauperis. Plaintiff's Complaint was filed in this action on August 24, 2011.

Pursuant to the Prison Litigation Reform Action, a prisoner shall not be authorized pursuant to 28 U.S.C. § 1915(a)(1) to commence an action or proceeding without payment of the full filing fee if such prisoner "has, on 3 or more prior

1    occasions, while incarcerated or detained in any facility, brought an action . . . that

2    was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim

3    upon which relief may be granted." 28 U.S.C. § 1915(g).

4         The Court has independently reviewed its docket and has ascertained that

5    plaintiff has previously filed numerous federal lawsuits, and that in at least four (4)

6    of these prior cases, the Court has dismissed plaintiff's actions on the grounds that

7    the complaint was frivolous, malicious, or failed to state a claim upon which relief

8    may be granted. Specifically, the Court has ascertained the following: (1) In Ronnie

9    O'Neal Brown v. Leroy Baca, et al., CV07-819-CAS (DTB) plaintiff, while detained

10   at California State Prison - Folsom, lodged for filing this action. After plaintiff filed

11   his Third Amended Complaint, the action was dismissed for failure to state a claim

12   by Judgment dated January 15, 2010, whereby the District Judge adopted the findings

13   of the Report and Recommendation recommending dismissal with prejudice for

14   failure to state a claim (see Exhibit "A" attached hereto); (2) in Ronnie O. Brown v.

15   Dept. Adult Parole Operations, et al., EDCV08-11-UA (JWJ) plaintiff, while detained

16   at California Institution for Men - Chino, lodged for filing this action. On January 31,

17   2008, plaintiff was denied in forma pauperis status on the grounds that the claims in

18   the complaint were legally and/or factually patently frivolous (see Exhibit "B"

19   attached hereto) (see also O'Neal v. Price, 531 F.3d 1146, 1155 (9th Cir. 2008)

20   (dismissal of an in forma pauperis application on grounds claims in action are

21   frivolous constitutes a "strike" under 28 U.S.C. § 1915g); (3) in Ronnie O. Brown v.

22   County of San Bernardino Alternative Defense Panel, et al., EDCV08-1295-UA (JWJ)

23   plaintiff, while a state prisoner at North Kern State Prison, lodged for filing this

24   action. On October 6, 2008, plaintiff was denied in forma pauperis status on the

25   grounds that the claims in the complaint were legally and/or factually patently

26   frivolous (see Exhibit "C" attached hereto) (see also O'Neal 531 F.3d at 1155); and

27   (4) in Ronnie O. Brown v. Lee Baca, et al., CV08-6311-UA (JWJ) plaintiff, also

28   while a state prisoner at North Kern State Prison, lodged for filing this action. On

October 3, 2008, plaintiff was denied in forma pauperis status on the grounds that the claims in the complaint were legally and/or factually patently frivolous (see Exhibit "D" attached hereto) (see also O'Neal, 531 F.3d at 1155)

As referenced above, in each of the cases cited herein, plaintiff alleged that he was incarcerated at the time each of the actions referenced herein were filed.

Accordingly, on or before **February 17, 2012**, plaintiff is ORDERED to show cause as to why the order granting him in forma pauperis status in this matter should not be vacated pursuant to 28 U.S.C. § 1915(g), and that the action dismissed without prejudice pending payment of the full filing fee of $350.00.

DATED: February 2, 2012

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT "A"

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

RONNIE O. BROWN,                              )        Case No.  CV 07-819-CAS (DTB)
                                             )
                    Plaintiff,               )
                                             )
         vs.                                 )              **J U D G M E N T**
                                             )
LEROY BACA, et al.,                          )
                                             )
                    Defendants.              )
                                             )

         Pursuant to the Order Adopting Findings, Conclusions and Recommendations of United States Magistrate Judge,

         IT IS HEREBY ADJUDGED that defendant's Motion to Dismiss is granted and Judgment be entered dismissing this action without leave to amend and with prejudice.


DATED:  January 15, 2010

                                   _Christine A. Snyder_
                                   _____
                                   CHRISTINA A. SNYDER
                                   UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

RONNIE O. BROWN,            )   Case No. CV 07-819-CAS (DTB)
                           )
          Plaintiff,       )
                           )   REPORT AND RECOMMENDATION
     vs.                   )   OF UNITED STATES MAGISTRATE
                           )   JUDGE
LEROY BACA, et al.,        )
                           )
          Defendants.      )
_____)

This Report and Recommendation is submitted to the Honorable Christina A. Snyder, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

## PROCEEDINGS

Plaintiff, a California prisoner presently incarcerated at the California State Prison in Lancaster, filed this pro se civil rights action on February 7, 2007, after being granted leave to proceed in forma pauperis. As best the Court can glean from plaintiff's allegations, the gravamen of plaintiff's claims is that he was denied medication and/or medical treatment for approximately 28 days while plaintiff temporarily was being detained by the Los Angeles County Sheriff's Department ("LACSD"). Plaintiff alleges that, as a result, he suffered severe brain damage.

1

On July 17, 2009, plaintiff filed a Third Amended Complaint ("TAC"), the operative pleading herein. On July 27, 2009, the matter was transferred to this Court's calendar. In the TAC, plaintiff purports to name as defendants the County of Los Angeles, Sheriff Leroy Baca, and J. McKoun. The only defendant, however, who has been served herein is Sheriff Baca. Plaintiff purports to raise four claims against unspecified defendants: (1) the denial of adequate medical treatment pursuant to the Eighth and Fourteenth Amendments[1]; (2) denial of procedural due process pursuant to the Fourteenth Amendment in connection with LACSD policies regarding prisoner requests for medical care and the filing of grievances; (3) the denial of plaintiff's "right to be heard by prison grievance" purportedly pursuant to the First, Eighth, and Fourteenth Amendments; and (4) the denial of accommodation for plaintiff's blindness pursuant to Title II of the Americans with Disabilities Act ("ADA"). Plaintiff seeks only compensatory and punitive damages.

On July 28, 2009, defendant Sheriff Baca filed a Motion to Dismiss pursuant to Rule 12(b)(6) together with an unenumerated Rule 12(b) Motion with respect to the issue of exhaustion ("Motion"). The Motion is accompanied by a Memorandum of Points and Authorities ("Motion Mem.") and a Declaration of Deputy Christina Shilinga ("Decl. Shilinga") with attached exhibits. Defendant contends that the TAC should be dismissed for the following reasons: (a) plaintiff has failed to allege Sheriff Baca's involvment in the claimed constitutional violations; (b) plaintiff failed to exhaust his administrative remedies for some of his claims; and (c) plaintiff cannot state a claim pursuant to the ADA. Plaintiff filed a 48-page opposition ("Opp.") on

---

[1]       The Court notes that, although plaintiff was a detainee at the time of the alleged incidents, his claims of deliberate indifference to his medical needs arise pursuant to the Eighth Amendment because, according to plaintiff, he was at that time a state prisoner in the temporary custody of the LACSD. (See TAC, Ex. A).

1  September 11, 2009,[2] accompanied by plaintiff's declaration and attached exhibits
2  pertaining to the issue of exhaustion of administrative remedies. Defendants filed a
3  reply thereto on September 25, 2009.

4      For the reasons set forth below, the Court now recommends that the Motion be
5  granted, and that the TAC be dismissed without leave to amend.

## STANDARD OF REVIEW

8      A complaint may be dismissed as a matter of law for failure to state a claim for
9  two reasons:  (1) lack of a cognizable legal theory; or (2) insufficient facts under a
10  cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699

---

12      [2]    On September 21, 2009, plaintiff filed a "Notice of Supplemental
13  Memorandum of Points and Authorities to Defendants [sic] Motion to Dismiss the
14  Third Amended Complaint" ("Supp. Auth."). Because plaintiff failed to seek leave
15  of Court to file supplemental points and authorities as is required by the Federal Rules
16  of Civil Procedure, the Court advised plaintiff in a Minute Order of October 1, 2009,
17  that it would not consider the Supp. Auth. in ruling on defendant's Motion. The
18  Court, however, has examined plaintiff's Supp. Auth., and it appears primarily to
19  assert the incorrect argument that defendant is unable to raise plaintiff's purported
20  failure to exhaust in a motion to dismiss. Failure to exhaust, however, is "subject to
21  an unenumerated Rule 12(b) motion." Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th
22  Cir. 2003) (citing Ritza v. International Long-shoremen's and Warehousemen's
23  Union, 837 F.2d 365, 368 (9th Cir. 1988)). Further, in his Opposition, plaintiff
24  appears to be raising additional claims pursuant to state law. (See Opp. at 8-9).
25  Because an opposition is not an appropriate place for a plaintiff to raise additional
26  claims, and in view of the Court's recommendation, below, that plaintiff's federal
27  claims be dismissed without leave to amend, the Court recommends that supplemental
28  jurisdiction be declined over any possible state law claims plaintiff may be purporting
to allege against any of the named defendants. See 28 U.S.C. § 1367(c)(3)(if the
district court has dismissed all claims over which it has original jurisdiction, the court
has discretion to decline supplemental jurisdiction over plaintiff's state law claims);
see also Executive Software North America, Inc. v. U.S. Dist. Court for Cent. Dist.
of California, 24 F.3d 1545, 1555-56 (9th Cir. 1994); Schneider v. TRW, Inc., 938
F.2d 986, 993-94 (9th Cir. 1991).

1 (9th Cir. 1990). Since plaintiff is appearing pro se, the Court must construe the
2 allegations of the Complaint liberally and must afford plaintiff the benefit of any
3 doubt. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.
4 1988). Further, in determining whether the Complaint states a claim on which relief
5 may be granted, its allegations of material fact must be taken as true and construed in
6 the light most favorable to plaintiff. See Love v. United States, 915 F.2d 1242, 1245
7 (9th Cir. 1989). Moreover, with respect to plaintiff's pleading burden, the Supreme
8 Court has held that: "a plaintiff's obligation to provide the 'grounds' of his
9 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic
10 recitation of the elements of a cause of action will not do. ... Factual allegations must
11 be enough to raise a right to relief above the speculative level ... on the assumption
12 that all the allegations in the complaint are true (even if doubtful in fact)." Bell
13 Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed.
14 2d 929 (2007) (internal citations omitted, alteration in original); see also Lazy Y
15 Ranch LTD v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008) ("To survive a motion to
16 dismiss for failure to state a claim, the plaintiff must allege 'enough facts to state a
17 claim to relief that is plausible on its face'." (citing Twombly, 550 U.S. at 570)).
18
19                                   **DISCUSSION**
20 **I.   Plaintiff's TAC still fails to state a claim under the Eighth Amendment**
21       **against the LACSD, Sheriff Baca, or defendant McKoun.**
22       In his TAC, plaintiff alleges the following facts pertaining to his claim that
23 defendants allegedly provided inadequate medical care:  (1) "plaintiff was denied
24 adequate medical care, and care to treat a handicapp [sic] legally blind person
25 requiring grooming, feeding, bathing, and clothing assistance while detained by
26 defendant Baca" (TAC at 5); (2) plaintiff was "denied medical treatment" (TAC at 6,
27 7); (3) Sheriff Baca "received plaintiff into his custody" and "was advised by [the]
28 California Department of Corrections [that] plaintiff was under care of [a]

                                        4

1   psychiatrist" but plaintiff's documents were lost (TAC at 7); and (4) "plaintiff was

2   denied medication for over 28 days and suffered severe brain damage" (TAC at 6, 7).

3        In order to establish an Eighth Amendment claim based on inadequate medical

4   care, plaintiff must show that a specific defendant was deliberately indifferent to his

5   serious medical needs.  See Helling v. McKinney, 509 U.S. 25, 32, 113 S. Ct. 2475,

6   125 L. Ed. 2d 22 (1993); Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed

7   2d 251 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled

8   on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997).

9   Deliberate indifference to the serious medical needs of a prisoner constitutes the

10   "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment.

11   See McKinney, 509 U.S. at 32; Estelle, 429 U.S. at 104; McGuckin, 974 F.2d at 1059.

12   Deliberate indifference may be manifested by the intentional denial, delay or

13   interference with the plaintiff's medical care, or by the manner in which the medical

14   care was provided.  See Estelle, 429 U.S. at 104-05; McGuckin, 974 F.2d at 1059.

15   However, the defendant must purposefully ignore or fail to respond to the plaintiff's

16   pain or medical needs.  See McGuckin, 974 F.2d at 1060.  Plaintiff must allege that,

17   subjectively, defendants had a "sufficiently culpable state of mind" when they refused

18   medical care.  Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002) (quoting Wallis

19   v. Baldwin, 70 F.3d 1074, 1076 (9th Cir. 1995)).  The defendant must "both be aware

20   of the facts from which the inference could be drawn that a substantial risk of serious

21   harm exists, and he must also draw the inference."  Farmer v. Brennan, 511 U.S. 825,

22   837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).  Thus, an inadvertent failure to

23   provide adequate medical care, mere negligence or medical malpractice, a mere delay

24   in medical care (without more), or a difference of opinion over proper medical

25   treatment, are all insufficient to constitute an Eighth Amendment violation.  See

26   Estelle, 429 U.S. at 105-07; Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989);

27   Shapley v. Nevada Bd. of State Prison Commissioners, 766 F.2d 404, 407 (9th Cir.

28   1985).

5

Moreover, a determination of "deliberate indifference" must involve an examination of the seriousness of plaintiff's medical need. "[D]eliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" McGuckin, 974 F.2d at 1059 (citing Hudson v. McMillian, 503 U.S. 1, 112 S. Ct. 995, 1000, 117 L. Ed. 2d 156 (1992)). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Id. (citing Estelle, 429 U.S. at 104). Indications of such a need include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." Id. at 1059-60.

Here, to the extent that plaintiff is purporting to raise any claims pertaining to the alleged failure by defendants to provide adequate medical care, plaintiff has failed to name any responsible jail officials. To state a claim against a particular defendant in his or her individual capacity for violation of his civil rights under 42 U.S.C. § 1983, plaintiff must allege that the defendant, acting under color of state law, deprived plaintiff of a right guaranteed under the Constitution or a federal statute. See Karim-Panahi, 839 F.2d at 624. "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains].'" Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988), quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Thus, supervisory personnel generally are not liable under 42 U.S.C. § 1983 on any theory of respondeat superior or vicarious liability in the absence of a state law imposing such liability. See, e.g., Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). A supervisory official may be liable under § 1983 only if he or she was personally involved in the constitutional deprivation, or if there

6

1   was a sufficient causal connection between the supervisor's wrongful conduct and the
2   constitutional violation. See id. at 1446-47. As recently stated by the Supreme Court,
3   "in a § 1983 suit or a Bivens action - where masters do not answer for the torts of their
4   servants - the term 'supervisory liability' is a misnomer. Absent vicarious liability,
5   each government official, his or her title notwithstanding, is only liable for his or her
6   own misconduct." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).
7
8       Further, to premise a supervisor's alleged liability on a policy promulgated by
9   the supervisor, plaintiff must identify a specific policy and establish a "direct causal
10  link" between that policy and the alleged constitutional deprivation. See, e.g., City
11  of Canton v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989);
12  Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992).
13      Finally, to the extent that plaintiff is attempting to state a claim against the
14  LACSD, Sheriff Baca, or any sheriff's deputy in his or her official capacity, the
15  Supreme Court has held that an "official-capacity suit is, in all respects other than
16  name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159,
17  166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); see also Brandon v. Holt, 469 U.S.
18  464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985); Larez v. City of Los Angeles,
19  946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official
20  personally, for the real party in interest is the entity." Graham, supra. Further, a local
21  government entity "may not be sued under § 1983 for an injury inflicted solely by its
22  employees or agents. Instead, it is when execution of a government's policy or
23  custom, whether made by its lawmakers or by those whose edicts or acts may fairly
24  be said to represent official policy, inflicts the injury that the government as an entity
25  is responsible under § 1983." Monell v. New York City Department of Social Servs.,
26  436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). The local government
27  entity may not be held liable for the acts of its employees unless "the action that is
28  alleged to be unconstitutional implements or executes a policy statement, ordinance,

7

1   regulation, or decision officially adopted or promulgated by that body's officers," or
2   if the alleged action was "pursuant to a governmental 'custom' even though such a
3   custom has not received formal approval through the body's official decision-making
4   channels." Monell, 436 U.S. at 690-91; see also Redman, 942 F.2d at 1443-44. Thus,
5   plaintiff cannot state a claim against any defendant herein in his or her official
6   capacity, or against the LACSD, unless he sufficiently alleges that:  (1) he was
7   deprived of his constitutional rights by defendant and its employees acting under color
8   of state law; (2) defendant has a custom or policy that amounts to "deliberate
9   indifference" to plaintiff's constitutional rights; and (3) defendant's custom or policy
10  was the "moving force behind the constitutional violation[s]." Lee v. City of Los
11  Angeles, 250 F.3d 668, 681-82 (9th Cir. 2001).

12       In his TAC, plaintiff names Sheriff Baca as a defendant, but plaintiff once again
13  fails to allege that Sheriff Baca was personally involved in any of the alleged
14  constitutional deprivations, nor has plaintiff identified any particular policy or policies
15  promulgated by Sheriff Baca that allegedly had a direct causal link to the alleged
16  failure to provide adequate medical care.  Plaintiff raises numerous allegations
17  pertaining to policies allegedly established or promulgated by Sheriff Baca, but even
18  accepting plaintiff's allegations of material fact as true and construing them in the
19  light most favorable to plaintiff, all of these policies pertain to the LACSD's failure
20  to provide an adequate administrative review system for detainees. (See, e.g., "Baca
21  intentionally denied a procedural means of remedy to apply for a reasonable
22  accommodation for a known disability" (TAC at 5); Baca permitted "inmates to be
23  denied a procedural means of due process of law to receive a notice of instructions,
24  polices, or procedures [on] how to request dental care, optometry care, medical care,
25  and refused to institute a policy that would inform inmates of a time limit to file
26  grievances or appeal and had no forms available to plaintiff" (TAC at 6); Baca
27  "ratified a custom or policy that would tolerate all sheriff deputies to ignore inmates
28  request [sic] for complaint forms and denied plaintiff a procedural remedy to request

8

1   medical attention" (TAC at 6); Sheriff Baca's polices "failed to allow plaintiff to use
2   a specified grievance procedure of [sic] appeal process that was documented or clearly
3   annotated and comprehensibly written" (TAC at 8); Baca's polices "failed to provide
4   institutional and/or departmental staff to provide assistance necessary to ensure that
5   inmates who are disabled or handicapped ... would have access to appeal/grievances"
6   (TAC at 8)).

7        Despite having previously been advised by the then-assigned Magistrate
8   Judge's "Order Granting Defendants' Motions to Dismiss" and again in the
9   "Memorandum and Order Granting Motion to Dismiss with Leave to Amend" that the
10  allegations in his Complaint and First Amended Complaint were insufficient to state
11  a claim against Sheriff Baca in his individual capacity because plaintiff failed to allege
12  that Sheriff Baca was personally involved in the alleged constitutional deprivations,
13  plaintiff still has failed to remedy this deficiency. Although plaintiff's TAC includes
14  vague references to Sheriff Baca's policies that resulted in an alleged failure to have
15  "forms" available on which a detainee could request medical care, plaintiff raises no
16  factual allegations that plaintiff personally requested medical care in any manner or
17  sought any form on which to request medical care during his detention. Further,
18  plaintiff has altogether failed to allege that any policy promulgated by Sheriff Baca
19  caused the constitutional violation of which he complains. Moreover, plaintiff has
20  failed to raise any allegations that any action taken by, or policy promulgated by,
21  Sheriff Baca was the cause of plaintiff having been "denied medication for over 28
22  days." (TAC at 6). Accordingly, the Court finds that plaintiff's factual allegations
23  against Sheriff Baca in his individual capacity are insufficient to "raise a right to relief
24  above the speculative level." Twombly, 550 U.S. at 555.

25       In addition, to the extent that plaintiff may be purporting to raise a claim under
26  the Eighth Amendment against Sheriff Baca in his official capacity or against the
27  LACSD, plaintiff merely raises vague allegations such as that the unspecified facility
28  in which he was being held "had no forms available for plaintiff to use to demand

9

necessary medical treatment" (TAC at 6), and that Sheriff Baca allowed a custom for Sheriff Deputies to "ignore inmates['] request [sic] for complaint forms" (TAC at 6). Even accepting these allegations as true, plaintiff has failed to allege that the LACSD had in place any custom or policy that amounted to deliberate indifference to plaintiff's constitutional rights. Nor has plaintiff raised any reasonable inference that any alleged custom or policy pertaining to the availability of complaint forms was the "moving force behind" the alleged unconstitutional deprivation of plaintiff's medication.   Lee, 250 F.3d at 681-82.   Accordingly, the Court finds that the allegations of plaintiff's TAC fail to state a claim pursuant to the Eighth Amendment against the LACSD or against any LACSD official in his or her official capacity.

Moreover, although plaintiff has added J. McKoun[3] as a defendant in the TAC, plaintiff raises no factual allegations that defendant McKoun did an affirmative act, participated in another's affirmative act, or failed to perform an act which he was legally required to do that allegedly caused the constitutional deprivation of which plaintiff complains.  The only specific allegation against McKoun is that he was "given" a grievance that plaintiff filed pertaining to plaintiff's allegedly inadequate medical care and "did nothing about it." (TAC at 7). However, the mere participation of McKoun in plaintiff's administrative grievance process is an insufficient basis on which to state a federal civil rights claim against the defendant. See, e.g., George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) (holding that only persons who cause or participate in civil rights violations can be held responsible and that "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the

---

[3]   Although McKoun has not been served herein and is not a party to Motion, the Court has screened the TAC with respect to the allegations against McKoun in accordance with the terms of the "Prison Litigation Reform Act of 1995" ("PLRA") for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

1  violation"); <u>Shehee v. Luttrell</u>, 199 F.3d 295, 300 (6th Cir. 1999) (holding that prison
2  officials whose only roles involved the denial of the prisoner's administrative
3  grievances cannot be held liable under § 1983); <u>Wright v. Shapirshteyn</u>, No. CV 1-06-
4  0927-MHM, 2009 WL 361951, *3 (E.D. Cal. Feb. 12, 2009) (noting that "where a
5  defendant's only involvement in the allegedly unconstitutional conduct is the denial
6  of administrative grievances, the failure to intervene on a prisoner's behalf to remedy
7  alleged unconstitutional behavior does not amount to active unconstitutional behavior
8  for purposes of § 1983"); <u>Velasquez v. Barrios</u>, No. 07cv1130-LAB (CAB), 2008 WL
9  4078766, *11 (S.D. Cal. Aug. 29, 2008) ("An official's involvement in reviewing a
10 prisoner's grievances is an insufficient basis for relief through a civil rights action.").
11      The Court therefore finds that plaintiff's allegations in the TAC are insufficient
12 to state a claim under the Eighth Amendment against any defendant.
13
14 **II.    Plaintiff's allegations are insufficient to state a claim under the ADA.**
15      Plaintiff purports to be alleging a claim pursuant to the ADA for failure to
16 provide "reasonable accommodation for a known disability as [a] legally blind
17 person." (TAC at 5).[4]  Plaintiff, however, altogether fails to set forth any factual
18 allegations pertaining to the way in which the accommodations he was provided
19 during his brief detention were inadequate. Plaintiff merely alleges that Sheriff Baca
20 "denied handicapp [sic] disabled inmates access to safe living conditions by housing
21 a legally blind plaintiff in path of travel of [sic] stairs, and to be housed where no staff
22

---

23      [4]      The Court notes that, to the extent that plaintiff's claims pursuant to the
24 ADA may arise from the alleged failure of the LACSD to provide disabled detainees
25 with an adequate grievance procedure, defendants have adduced evidence, discussed
   below, in connection with their unenumerated Rule 12(b) motion with respect to the
26 issue of exhaustion that plaintiff lodged six inmate complaints during the period
27 between September 29, 2006 and October 27, 2006. (See Decl. Shilinga ¶¶ 9, 12, Ex.
   A). In deciding such a Motion, "the court may look beyond the pleadings and decide
28 disputed issues of fact." See <u>Wyatt</u>, 315 F.3d at 1120.

11

1   monitor's [sic] the dwelling place of a blind inmate." (TAC at 6).

2

3       A.    Federal law

4       Title II of the ADA provides that "no qualified individual with a disability shall,
5   by reason of such disability, be excluded from participation in or be denied the
6   benefits of the services, programs, or activities of a public entity, or be subject to
7   discrimination by such entity." 42 U.S.C. § 12132. To establish violation of Title II
8   of ADA, a plaintiff must show that: (1) he or she is a qualified individual with a
9   disability; (2) he or she was excluded from participation in or otherwise discriminated
10  against with regard to a public entity's services, programs, or activities; and (3) such
11  exclusion or discrimination was by reason of his or her disability. See Lovell v.
12  Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Although the term "public entity"
13  includes state prisons, see Pennsylvania Dep't of Corrections v. Yeskey, 524 U.S. 206,
14  210, 118 S. Ct. 1952, 141 L. Ed. 2d 215 (1998), it does not include individuals being
15  sued in their individual capacities. See Vinson v. Thomas, 288 F.3d 1145, 1156 (9th
16  Cir. 2002) (plaintiff cannot sue state officials in their individual capacities to vindicate
17  rights created by Title II of the ADA); Alsbrook v. City of Maumelle, 184 F.3d 999,
18  1005 n.8 (8th Cir. 1999) (en banc) (plaintiff cannot sue government actors in
19  individual capacities for the alleged violations of the ADA). Moreover, the ADA
20  applies to the Los Angeles County Jails' services, programs, and activities for
21  detainees. See Pierce v. County of Orange, 519 F.3d 985, 1008 (9th Cir.) (as
22  amended), cert. denied, 129 S. Ct. 597 (2008).

23      In addition, to recover monetary damages under Title II of the ADA, a plaintiff
24  must establish intentional discrimination on the part of the public entity. See Mark
25  H. v. Lemahieu, 513 F.3d 922, 938 (9th Cir. 2008) ("a public entity can be liable for
26  damages under §504 if it intentionally or with deliberate indifference fails to provide
27  meaningful access or reasonable accommodation to disabled persons"); Duvall v.
28  County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001); Ferguson v. City of Phoenix,

1   157 F.3d 668, 674 (9th Cir. 1998).

2

3         **B.**    <u>Application</u>

4         First, to the extent that plaintiff may be purporting to allege a claim pursuant

5   to the ADA against Sheriff Baca (or any other LACSD official) in his individual

6   capacity, plaintiff may not raise a claim pursuant to the ADA against a public official

7   in his or her individual capacity. <u>See</u> <u>Vinson</u>, 288 F.3d at 1156.

8         Further, to the extent that plaintiff may be purporting to allege that the LACSD

9   violated the ADA by failing to provide adequate medical treatment for his disabilities,

10  such a claim does not fall within the provisions of the ADA. <u>See</u>, <u>e.g.</u>, <u>Alexander v.</u>

11  <u>Tilton</u>, 2009 WL 464486, at *7, 2009 U.S. Dist. LEXIS 20179 (E.D. Cal. Feb. 24,

12  2009) (collecting cases and noting that "other courts have found that the ADA and

13  [the Rehabilitation Act] do not create a federal cause of action for prisoners

14  challenging the medical treatment provided for their underlying disabilities"); <u>Burger</u>

15  <u>v. Bloomberg</u>, 418 F.3d 882, 883 (8th Cir. 2005) (holding that claims pursuant to the

16  ADA or the Rehabilitation Act "cannot be based on medical treatment decisions");

17  <u>Grzan v. Charter Hosp. of Northwest Indiana</u>, 104 F.3d 116, 121-22 (7th Cir. 1997)

18  ("Allegations of discriminatory medical treatment do not fit into the four-element

19  framework required by section 504 [of the Rehabilitation Act].").

20        Finally, to the extent that plaintiff may be purporting to raise a claim pursuant

21  to the ADA against Sheriff Baca in his official capacity or against the LACSD,

22  plaintiff's TAC fails to sets forth any factual allegations that he was excluded from

23  participation in, or otherwise discriminated against with regard to, any services,

24  programs, or activities, or that such exclusion or discrimination was by reason of his

25  disability. Although plaintiff vaguely alleges that he was at some point during his

26

27

28

                                        13

1   brief detention by the LACSD[5] housed in an unspecified situation where he was "in
2   path of travel of stairs" and were he was not "monitored" by staff, plaintiff does not
3   state any facts from which it could reasonably be inferred that plaintiff sought any
4   more appropriate housing, or that his housing was assigned or denied intentionally
5   because of his disability. Although the court must construe a pro se plaintiff's
6   complaint liberally, plaintiff nonetheless must allege a minimum factual and legal
7   basis for each claim that is sufficient to give each defendant fair notice of what
8   plaintiff's claims are and the grounds upon which they rest. See, e.g., Brazil v. United
9   States Dep't of the Navy, 66 F.3d 193, 199 (9th Cir. 1995); McKeever v. Block, 932
10  F.2d 795, 798 (9th Cir. 1991).

11      Accordingly, the Court finds that plaintiff's allegations fail to state a claim for
12  monetary damages pursuant to the ADA against any defendant.

13

14      C.    Additionally, plaintiff failed to exhaust his administrative remedies

15      Defendant Baca contends that plaintiff failed to exhaust his administrative
16  remedies with respect to his claims pursuant to the ADA. (See Motion Mem. at 11-
17  12). In his Opposition, plaintiff contends that he did exhaust his ADA claim, and that
18  evidence is attached to his declaration as Exhibits D and E. (See Opp. at 12-34).

19

20          1.    The exhaustion of administrative remedies requirement

21      As part of the PLRA, Congress amended and strengthened the requirement that
22  prisoners pursuing civil rights claims under 42 U.S.C. § 1983, or another federal

23

24

25      [5]   Plaintiff's TAC lists one date–September 29, 2007–as the date of the
    violations, but his attached exhibits indicate that the alleged discrimination in
26  violation of the ADA occurred between September 29, 2007 and October 29, 2007.
27  (See TAC at 3, Ex. B). As set forth above, however, the records of the LACSD
    indicate that plaintiff was detained between September 29, 2006 and October 27,
28  2006.

14

1  statute,[6] must first exhaust administrative remedies. As amended, 42 U.S.C. § 1997e
2  (a) provides:

3        "No action shall be brought with respect to prison conditions
4        under section 1983 of this title, or any other Federal law, by a prisoner
5        confined in any jail, prison, or other correctional facility until such
6        administrative remedies as are available are exhausted."

7

8        The Supreme Court has held that the PLRA requires a prisoner to complete any
9  prison administrative process capable of addressing the inmate's complaint and
10 providing some form of relief, even if the prisoner seeks money damages and such
11 relief is not available under the administrative process. See Booth v. Churner, 532
12 U.S. 731, 741, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001). Moreover, "the PLRA's
13 exhaustion requirement applies to all inmate suits about prison life, whether they
14 involve general circumstances or particular episodes, and whether they allege
15 excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 524, 122 S. Ct.
16 983, 152 L. Ed. 2d 12 (2002). Thus, the exhaustion requirement applies to all
17 prisoners seeking redress for any complaint concerning prison conditions or
18 occurrences. See Porter, 122 S. Ct. at 986; see also Jones v. Bock, 549 U.S.199, 127
19 S. Ct. 910, 166 L. Ed. 2d 798, 810 (2007) ("There is no question that exhaustion is
20 mandatory under the PLRA and that unexhausted claims cannot be brought in court.").

21       The Supreme Court also has held that §1997e(a) creates an affirmative defense
22 and, therefore, "inmates are not required to specially plead or demonstrate exhaustion
23 in their complaints." See Jones, 127 S. Ct. at 921. Further, the Ninth Circuit has long
24 held that defendants have the burden of raising and proving plaintiff's failure to

25 ──────────────

26       [6]    The PLRA's exhaustion requirement applies equally to claims raised
27 pursuant to the ADA. See O'Guinn v. Lovelock Corr. Ctr., 502 F.3d 1056, 1060 (9th
28 Cir. 2007) (holding that "the PLRA requires administrative exhaustion of ADA and
   Rehabilitation Act claims").

1   exhaust. See Wyatt, 315 F.3d at 1119. In addition, it is clear that "§1997e(a) requires
2   exhaustion **before** the filing of a complaint and that a prisoner does not comply with
3   this requirement by exhausting available remedies during the course of the litigation."
4   McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (emphasis added); see also
5   Woodford v. Ngo, 548 U.S. 81, 93-94, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006);
6   Vaden v. Summerhill, 449 F.3d 1047, 1048 (9th Cir. 2006) ("PLRA requires that a
7   prisoner exhaust administrative remedies before submitting any papers to the federal
8   court"); Brown v. Valoff, 422 F.3d 926, 929-30 (9th Cir. 2005) ("a prisoner may not
9   proceed to federal court while exhausting administrative remedies"). If a prisoner has
10  not completed his administrative remedies before filing his federal suit, the court must
11  dismiss the action without prejudice to the prisoner filing a new action after he has
12  completed his administrative remedies. See McKinney, 311 F.3d at 1200-01. Finally,
13  a prisoner "must complete the administrative review process in accordance with the
14  applicable rules, including deadlines, as a precondition to bringing suit in federal
15  court." See Ngo, 126 S. Ct. at 2384.

16       Further, because the PLRA exhaustion requirement is not jurisdictional, the
17  Ninth Circuit held in Wyatt that a failure to exhaust administrative remedies "should
18  be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b)
19  motion." Wyatt, 315 F.3d at 1119 (citing Ritza, 837 F.2d at 368). Here, defendants
20  have filed an unenumerated Rule 12(b) Motion with respect to the issue of exhaustion.
21  In deciding such a motion, "the court may look beyond the pleadings and decide
22  disputed issues of fact." See Wyatt, 315 F.3d at 1120.

23

24              2.   The exhaustion procedure for the Los Angeles County Jails
25       According to the evidence adduced by defendants, the administrative remedy
26  procedure for inmates in the custody of the LACSD is initiated when an inmate
27  deposits an inmate complaint form (or any written complaint) in one of the "Inmate
28  Complaint" boxes located in each area of inmate housing, or when he hands the

1 complaint to any staff employee. If the inmate is not satisfied with the response to his
2 initial complaint, he may appeal to the Watch Commander and then to the
3 Captain/Unit Commander. After reviewing the investigation into the inmate's
4 complaint, the Watch Commander forwards the complaint to the Complaint
5 Coordinator, who then is responsible for entering the data pertaining to the complaint
6 into the "Facilities Automated Statistical Tracking System." (See Decl. Shilinga ¶¶
7 3-7).

8
9                         3.      The record of plaintiff's administrative grievances
10          Defendants have adduced evidence that plaintiff was processed by the LACSD
11 at the County of Los Angeles Inmate Reception Center on September 29, 2006. He
12 was transferred to the Twin Towers Correctional Facility on October 2, 2006, where
13 he was held until his release by the LACSD into the custody of the Tehachapi
14 California Correctional Institute on October 27, 2006. (See Decl. Shilinga ¶ 9).
15          During his detention by the LACSD, six inmate complaints were lodged by
16 plaintiff or on plaintiff's behalf by the American Civil Liberties Union ("ACLU").
17 (See Decl. Shilinga ¶¶ 12, 14, Ex. A). Each of plaintiff's grievances raised issues
18 pertaining to the denial of blood pressure and psychotropic medication. (See Decl.
19 Shilinga ¶ 12). None of the grievances mentioned any deprivation of service or
20 accommodation pertaining to plaintiff's handicaps. (See Decl. Shilinga ¶ 12). The
21 exhibits attached to Shilinga's Declaration reflect that plaintiff filed four grievances
22 that were described at least in part as "medical services" or "mental health services,"
23 and two additional grievances described as "release info/sentence." (See Decl.
24 Shilinga, Ex. A). Of the grievance forms that are attached, four reflect plaintiff's
25 complaints concerning the failure to receive his mediation and other "medical
26 attention." (See Decl. Shilinga, Ex. A at 19-24, 26-33). None of the grievances
27 mention any disability, nor raise plaintiff's allegations that he was denied
28 accommodations or services because of any disability.

                                            17

1    In his Opposition, plaintiff contends that the LACSD lacked the necessary
2    forms for a visually-impaired person to file a grievance and that "all six complaint's
3    [sic] retained by Baca was [sic] filed on behalf of [plaintiff] by the American Civil
4    Liberties Union." (See Opp. at 7). Plaintiff argues that he "was unable to submit a
5    grievance." (See Opp. at 17). Further, plaintiff contends he has adduced evidence
6    that he exhausted his claims as his Exhibits D and E. (See Opp. at 6). Plaintiff's
7    Exhibit D consists of copies of undated letters that plaintiff appears to have written
8    to the Federal Bureau of Investigation and to Senator Barbara Boxer pertaining to the
9    denial of medication while he previously was detained by the LACSD. (See Opp., Ex.
10   D). Plaintiff's Exhibit E is a request that plaintiff made to the LACSD seeking
11   documentation regarding information provided to inmates. (See Opp., Ex. E). In
12   addition, plaintiff's Exhibit B includes a form complaint to the United States
13   Department of Justice pertaining to a complaint under the ADA regarding plaintiff's
14   confinement in the "Men's Central Jail," between September 29, 2007 and October
15   29, 2007. Plaintiff dated that form on October 17, 2007 and states that he also filed
16   a complaint with the "Commission of Civil Rights" on October 10, 2007. (See Opp.,
17   Ex. B, B-2 to B-4). Plaintiff's Exhibit C consists of a disability complaint form that
18   appears to pertain to plaintiff that is dated August 19, 2008. (See Opp., Ex. C).

19
20              4.    Application

21   The Court concurs with defendant Sheriff Baca that plaintiff has failed to
22   exhaust his claim that defendants failed to provide reasonable accommodations for
23   plaintiff as a blind or disabled detainee. The uncontested evidence reflects that
24   plaintiff successfully filed numerous administrative grievances while detained by the
25   LACSD.     None of these grievances mention any failure by defendants to
26   accommodate any type of disability. Although plaintiff argues in his Opposition that
27   all of his complaints were filed by the ACLU and not by plaintiff, plaintiff's own
28   evidence belies this. Attached to his Opposition as part of his Exhibit A are copies of

18

1  two "Inmate Complaint Forms," each of which was written in the first person by an
2  inmate purporting to be plaintiff; both pertain to plaintiff's claim that he was denied
3  medication. (See Opp., Ex. A; see also Decl. Shilinga, Ex. A at 21-24, 30-33).
4  Further, the LACSD entered complaints it received on plaintiff's behalf by the ACLU
5  and investigated those complaints as if they had been filed by plaintiff. (See Decl.
6  Shilinga, Ex. A at 18-20, 26, 29). Plaintiff, however, failed to notify the LACSD in
7  any of his grievances that he believed that he was being denied reasonable
8  accommodations for his disabilities.

9         As the Ninth Circuit recently clarified, "[t]he primary purpose of a grievance
10  is to alert the prison to a problem and facilitate its resolution." Griffin v. Arpaio, 557
11  F.3d 1117, 1120 (9th Cir. 2009); see also Jones, 549 U.S. at 203 ("Requiring
12  exhaustion allows prison officials an opportunity to resolve disputes concerning the
13  exercise of their responsibilities before being haled into court."). The Ninth Circuit
14  further clarified that a grievance "need not contain every fact necessary to prove each
15  element of an eventual legal claim," but it must "provide notice of the harm being
16  grieved." Griffin, supra. As the Supreme Court has emphasized, proper compliance
17  with the institution's grievance procedures is all that is required to satisfy the
18  exhaustion requirement of the PLRA. See Jones, 127 S. Ct. 910, 922-23. Here, the
19  uncontested evidence reflects that defendants did not receive notice that plaintiff was
20  being harmed by any failure to accommodate his disabilities. Plaintiff's exhibits to
21  his Opposition are of no avail. The letters to outside agencies reflected in plaintiff's
22  Exhibits D and E neither satisfy the requirement that plaintiff comply with the
23  institute's rules for its grievance procedure, nor provide notice to LACSD officials of
24  plaintiff's purported harm. Further, plaintiff's Exhibits B and C that do reflect
25  complaints plaintiff lodged with outside agencies pertaining to plaintiff's disability
26  were filed in October, 2007, and August, 2008, both long after plaintiff had initiated
27  his federal civil rights case herein. It long has been clear that "§1997e(a) requires
28  exhaustion **before** the filing of a complaint and that a prisoner does not comply with

1   this requirement by exhausting available remedies during the course of the litigation."
2   McKinney, 311 F.3d at 1199.

3       Accordingly, the Court finds that plaintiff failed to comply with the
4   requirements of §1997e(a) that he exhausted his administrative remedies before filing
5   a federal civil rights complaint.

6

7   **III.  Plaintiff's cannot state a federal civil rights claim for failure to provide an**
8           **adequate grievance procedure.**

9       To the extent that plaintiff may be purporting to state a claim pursuant to the
10  Due Process Clause of the Fourteenth Amendment against defendants based on their
11  alleged failure to properly address or process his administrative grievances, or their
12  alleged failure to provide adequate forms or instructions on which to raise his
13  grievances, plaintiff's allegations are insufficient to state a federal civil rights claim.
14  Plaintiff has no constitutional right to an effective grievance or appeal procedure. See
15  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that a prisoner has no
16  constitutional right to an effective grievance or appeal procedure); Mann v. Adams,
17  855 F.2d 639, 640 (9th Cir. 1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.
18  1993) ("[A prison] grievance procedure is a procedural right only, it does not confer
19  any substantive right upon the inmates."). Moreover, the guarantee of procedural due
20  process under the Fourteenth Amendment applies only when a constitutionally
21  protected liberty or property interest is at stake. See Ingraham v. Wright, 430 U.S.
22  651, 672, 97 S. Ct. 1401, 51 L. Ed. 2d 711 (1977); Board of Regents v. Roth, 408 U.S.
23  564, 569, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972); Erickson v. United States, 67 F.3d
24  858, 861 (1995). A state's inmate administrative appeal system does not implicate a
25  liberty interest protected by the Due Process Clause. See, e.g., Antonelli v. Sheahan,
26  81 F.3d 1422, 1430 (7th Cir. 1996).

27

28  **IV.  The TAC should be dismissed without leave to amend.**

20

1    Because plaintiff is appearing herein pro se, he must be given leave to amend

2  his TAC unless it is absolutely clear to the Court that the deficiencies of the TAC

3  cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.

4  1987). As discussed above, the court has on two prior occasions advised plaintiff that

5  his allegations were insufficient to state a claim against Sheriff Baca because plaintiff

6  failed to allege that Sheriff Baca was personally involved in the alleged constitutional

7  deprivations. Because plaintiff repeatedly has failed to remedy the deficiencies in his

8  claims pursuant to the Eighth Amendment after being provided with opportunities in

9  which to do so, it has become absolutely clear to the Court that plaintiff cannot cure

10  the deficiencies in his TAC by amendment. Further, as is discussed above, plaintiff

11  failed to exhaust his administrative remedies with respect to any claims pursuant to

12  the ADA prior to filing suit herein. Accordingly, leave to amend this claim would be

13  futile. See, e.g., Flowers v. First Hawaiian Bank, 295 F.3d 966, 976 (9th Cir. 2002)

14  ("A district court, however, does not abuse its discretion in denying leave to amend

15  where amendment would be futile.").

16    The Court therefore recommends that defendant's Motion be granted and that

17  plaintiff's TAC be dismissed without leave to amend.

18

19                          **RECOMMENDATION**

20    The Court therefore recommends that the District Court issue an Order: (1)

21  approving and adopting this Report and Recommendation; (2) granting defendant's

22  Motion to Dismiss; and (3) directing that Judgment be entered dismissing this action

23  without leave to amend and with prejudice.

24  DATED: December 2, 2009

25

26                                    DAVID T. BRISTOW
                                      UNITED STATES MAGISTRATE JUDGE

27

28

                                     21

# EXHIBIT "B"

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| INMATE # | CASE NUMBER |
|---|---|
| K-89434 | |
| **RONNIE O. BROWN** | **EDCV08- 11 (JWJ)** |
| PLAINTIFF(S) | |
| V. | **ORDER RE LEAVE TO FILE ACTION** |
| **DEPARTMENT ADULT PAROLE OPERATIONS, ET AL.** | **WITHOUT PREPAYMENT OF FULL FILING FEE** |
| DEFENDANT(S) | |

**IT IS ORDERED** that the complaint **be filed** without prepayment of the full filing fee.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 1915, the prisoner-plaintiff owes the Court the total filing fee of 350.00. An initial partial filing fee of $ _____ Must be paid within thirty (30) days of the date this is filed. Failure to remit the initial partial filing fee may result in dismissal of your case. Thereafter, monthly payments shall be forwarded to the Court in accordance with 28 U.S.C. § 1915.

_____        _____
Date                                             United States Magistrate Judge

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

**IT IS RECOMMENDED** that the request of prisoner-plaintiff to file the action without prepayment of the full filing fee is: filing fee be **DENIED** for the following reason(s):

- [ ] Inadequate showing of indigency
- [✓] Legally and/or factually patently frivolous
- [ ] Failure to authorize disbursements from prison trust account to pay filing fee
- [ ] Other: _____

- [ ] District Court lacks jurisdiction
- [ ] Immunity as to _____
- [ ] Failure to provide certified copy of trust fund statement for the last six (6) months.

Comments:

_a/January 10, 2008_
Date                                             United States Magistrate Judge

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

**IT IS ORDERED** that the request of prisoner-plaintiff to file the action without prepayment of the full filing fee is:

- [ ] **GRANTED**
- [✓] **DENIED (See comments above).**

JAN 1 6 2008
_____        _____
Date                                             United States District Judge

CV-73C (04/08)        ORDER RE LEAVE TO FILE ACTION WITHOUT PREPAYMENT OF FULL FILING FEE

Ronnie O. Brown
**FULL NAME**

14901 Central ave
**COMMITTED NAME (if different)**

CHino, CA 91710
**FULL ADDRESS INCLUDING NAME OF INSTITUTION**

K-09434
**PRISON NUMBER (if applicable)**

RECEIVED & RETURNED
CLERK, U.S. DISTRICT COURT

JAN 3 1 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Ronnie O. Brown

**v.**

Dept Adult Parole Operations,
Ricardo pena, F. Sommers
Jon June ixe Regional Adm, et al.
**PLAINTIFF,**
**DEFENDANT(S).**

**CASE NUMBER**
EDCV08-0011 (JWJ)
*To be supplied by the Clerk*

## CIVIL RIGHTS COMPLAINT
## PURSUANT TO *(Check one)*
☑ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☐ Yes   ☐ No

2. If your answer to "1." is yes, how many? _____

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

LODGED
CLERK, U.S. DISTRICT COURT

JAN - 7 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

RECEIVED
CLERK, U.S. DISTRICT COURT

DEC 1 0 2007

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

a.  Parties to this previous lawsuit:
Plaintiff _____

Defendants _____

b.  Court _____

c.  Docket or case number _____

d.  Name of judge to whom case was assigned _____

e.  Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) _____

f.  Issues raised: _____

g.  Approximate date of filing lawsuit: _____

h.  Approximate date of disposition _____

## B.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

1.  Is there a grievance procedure available at the institution where the events relating to your current complaint occurred?  ☐ Yes    ☐ No

2.  Have you filed a grievance concerning the facts relating to your current complaint?  ☐ Yes    ☐ No

If your answer is no, explain why not _____

3.  Is the grievance procedure completed?  ☐ Yes    ☐ No

If your answer is no, explain why not _____

4.  Please attach copies of papers related to the grievance procedure.

## C.  JURISDICTION  29 U.S.C §1391

This complaint alleges that the civil rights of plaintiff __Ronnie O. Brown__
(print plaintiff's name)

who presently resides at __14901 Central Ave Chino, CA 91710__,
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at
__California Institution for Men-Chino__
(institution/city where violation occurred)

on (date or dates) _**03-12-07**_ , _____ , _____ .
(Claim I)         (Claim II)         (Claim III)

**NOTE:** You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1. Defendant _**RICARDO PENA**_ _____ resides or works at
(full name of first defendant)
_**14040 Park Ave. Victorville, CA 92392**_
(full address of first defendant)
_**Parole Agent - Peace officer**_
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☑ individual ☑ official capacity.

Explain how this defendant was acting under color of law:
_**peace officer**_
_____

2. Defendant _**F. Sommars**_ _____ resides or works at
(full name of first defendant)
_**14040 Park Ave. Victorville, CA 92392**_
(full address of first defendant)
_**Parole Agent - Peace officer**_
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☑ individual ☑ official capacity.

Explain how this defendant was acting under color of law:
_**peace officer**_
_____

3. Defendant _**No.1 - John - Jane Doe Warden Fulsum STATE PRISON**_ resides or works at
(full name of first defendant)

_____
(full address of first defendant)
_**Warden - Peace officer**_
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☑ individual ☑ official capacity.

Explain how this defendant was acting under color of law:
_____
_____

4. Defendant _____K. Thacker_____ resides or works at
    (full name of first defendant)

    _____
    (full address of first defendant)

    _____Appeals Coordinator - Peace officer_____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☑ individual    ☑ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

5. Defendant **No-zLon - June DOE    District Manager** resides or works at
    (full name of first defendant)

    _____14040 Park Ave Victorville, CA 92392_____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☑ individual    ☑ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

**D. CLAIMS***                                         CLAIM I

The following civil right has been violated:

Right To Freedom of association and free speech with denial of preedural Due process of Law

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

(1) on or about march 12, 2007 I was informed That I couldn't employee, contact, or correspond with my son whom I was Legal Guardian over. Ricardo pena. F. Sommer's parole agents Restricted my preedom of speech, movements, And Right To parental Relationship. without Lawful means. But utilized A Repealed underground Rule, Regulation, or administrative procedure To deny my contact with my son. Which caused a detierbation in our Relationship.

(2) K. Thacker appeals coordinator denied proceadural due process To appeal The condition of parole and Refused To process The appeal To The Third level and Conspired with Jeff faggot To deny The parental Rel

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.

By means of usage of A Repeated Underground
Rule, and procedure.

③ #1 Jon-Jane Doe Warden folsom state prison condone, Tollerated
and allowed mailroom staff to circumvent procedures
outlined by administrative law to confiscate mail
Restrict correspondence, Restrict Freedom of speech,
Without Notice of witholding of mail, or Right To
Appeal the action Taken.

④ The district manger for Reg II Jon-Jane doe #2 allowed
condoned, Tollerated, Employee misconduct by Ricardo pena,
F. Sommer's To Violate stipulated Injuctive court
orders of procedural due process of Valdivia V. Swarzenaggr.
To cause Mr. Brown To suffer Loss of his residens,
clothing, and Lively hood due To Racism and hatered
motivated and instilled against Afro americans by
Victorville parole unit.

⑤ plaintff Realleges and reincorporates paragraph
1-4 as the moving force and Legal proximate cause
to all of plaintiff sustained Injuries.

**E. REQUEST FOR RELIEF**

I believe that I am entitled to the following specific relief:

① Demand The Sum of $550,000 IN Damages foR
and against each named named offendant.

② Demand TRIAl By JURy,

③ Comphensatory nominal Special damages
including punitive damages award.

④ Declaratory Relief

⑤ Any further order JusT issued By the Court.

12/6/07
(Date)

_____
(Signature of Plaintiff)

# EXHIBIT "C"

LODGED

FILED

2008 SEP 19 PM 12: 21

2008 OCT -6 AM 10: 59

U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INMATE #<br>K-89434<br>**RONNIE O. BROWN**<br><br>V.<br><br>**COUNTY OF SAN BERNARDINO ALTERNATIVE**<br>**DEFENSE PANEL, BRANDON WOODS ET AL**<br><div align="right">**PLAINTIFF(S)**</div><div align="right">**DEFENDANT(S)**</div> | CASE NUMBER    BY<br><br>**EDCV08- 1295  (JWJ)**<br><br><br>**ORDER RE LEAVE TO FILE ACTION**<br>**WITHOUT PREPAYMENT OF FULL**<br>**FILING FEE** |

**IT IS ORDERED** that the complaint be filed  without prepayment of the full filing fee.

**IT IS FURTHER ORDERED**        that, in accordance with 28 U.S.C. § 1915, the prisoner-plaintiff owes the Court the total filing fee of $350.00. An initial partial filing fee of $ _____ must be paid within thirty (30) days of the date this order is filed.  Failure to remit the initial partial filing fee may result in dismissal of your case.  Thereafter, monthly payments shall be forwarded to the Court in accordance with 28 U.S.C. § 1915.

_____          _____

Date                                                      United States Magistrate Judge

**IT IS RECOMMENDED**  that the request of prisoner-plaintiff to file the action without prepayment of the full filing fee be **DENIED**  for the following reason(s):

☐ Inadequate showing of indigency                ☐ District Court lacks jurisdiction

☐ Failure to authorize disbursements from         ☐ Immunity as to _____
   prison trust account to pay filing fee
☐ Failure to provide certified copy of trust       ☑ Legally and/or factually patently frivolous
   fund statement for the last six (6) months.
☐ Other: _____

Comments:  *Plaintiff is attempting to make a civil rights claim against his court appointed attorney. No allegations of collusion or complicity between attorney and state.*

**September 19, 2008**

_____          _____

Date                                                      United States Magistrate Judge

**IT IS ORDERED** that the request of prisoner-plaintiff to file the action without prepayment of the full filing fee is:  ☐  **GRANTED**                ☑  **DENIED (See comments above).**

OCT - 2 2008

_____          _____

Date                                                      United States District Judge

CV-73C (04/08)                   ORDER RE LEAVE TO FILE ACTION WITHOUT PREPAYMENT OF FULL FILING FEE

Full Name

Braun Ronald O.

Committed Name (if different)

2737 W. Cecil ave
P.O. Box 551

Full Address Including Name of Institution

Delano CA 93216

K 51131

Prison Number (if applicable)

RECEIVED AND RETURNED
CLERK U.S. DISTRICT COURT

OCT - 6 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Ronnie O. Braun

Plaintiff,

vs.

County of San Bernardino alternative Defense
Panel Brandon wordts et al

Defendants(s).

Case No. CV ED 08 - 1295

(To be supplied by the Clerk)

CIVIL RIGHTS COMPLAINT
PURSUANT TO (check one)

☑ 42 U.S.C. § 1983.

or

☐ Bivens v. Six Unknown Agents
403 U.S. 388 (1971)

550

## A. PREVIOUS LAWSUITS

1) Have you brought any other lawsuits in a federal court while a prisoner: ☐ Yes ☐ No

2) If your answer to A is yes, how many? _____ Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

LODGED
CLERK, U.S. DISTRICT COURT

SEP 19 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

RECEIVED
CLERK, U.S. DISTRICT COURT

SEP 17 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

a. Parties to this previous lawsuit:

Plaintiff _____

Defendants _____

b. Court _____

c. Docket or case number _____

d. Name of judge to whom case was assigned _____

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) _____

f. Issues raised: _____

_____

g. Approximate date of filing lawsuit _____

h. Approximate date of disposition _____

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1) Is there a grievance procedure available at the institution where the events relating to your current complaint occurred?
☐ Yes ☐ No

2) Have you filed a grievance concerning the facts relating to your current complaint?
☐ Yes ☐ No

If your answer is no, explain why not _____

_____

3) Is the grievance procedure completed?
☐ Yes ☐ No

If your answer is no, explain why not _____

4) Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION 28 USC §§ 1343(v)(3)-(4)

This complaint alleges that the civil rights of plaintiff **Ronnie O. Brown**

(print plaintiff's name)

who presently resides at **2737 W. Cecil ave Delam. Ca**

(mailing address or place of confinement), were violated.

by the actions of the defendant(s) named below, which actions were directed against plaintiff at _____

**Victorville Ca**

(institution/city where violation occurred)

on (date or dates) _____

| (Claim I) | (Claim II) | (Claim III) |

(You need not name more than <u>one</u> defendant or allege more than one claim; however, make a copy of this page to provide the information below if you are naming <u>more</u> than five (5) defendants.)

1) Defendant **Brandon woods**

(full name of first defendant) _____ resides or works at

_____ in Victorville, Ca _____ and is employed as

(full address of first defendant)

(defendant's position and title, if any)

The defendant is sued in his/her:  ☐ individual  ☐ official capacity.  (Check one or both).

Explain how this defendant was acting under color of law:

_____

2) Defendant _____

(full name of second defendant) _____ resides or works at

Page 3 of 6

_____ (full address of second defendant) _____ and is employed as _____

_____
(defendant's position and title, if any)

The defendant is sued in his/her:  ☐ individual  ☐ official capacity.  (Check one or both).

Explain how this defendant was acting under color of law:

_____

_____

_____

3)  Defendant _____ resides or works at
(full name of third defendant)

_____, and is employed as
(full address of third defendant)

_____
(defendant's position and title, if any)

The defendant is sued in his/her:  ☐ individual  ☐ official capacity.  (Check one or both).

Explain how this defendant was acting under color of law:

_____

_____

4)  Defendant _____ resides or works at
(full name of fourth defendant)

_____, and is employed as
(full address of fourth defendant)

_____
(defendant's position and title, if any)

The defendant is sued in his/her:  ☐ individual  ☐ official capacity.  (Check one or both).

Explain how this defendant was acting under color of law:

_____

_____

5) Defendant _____
                          (full name of fifth defendant) resides or works at

_____
                          (full address of fifth defendant) , and is employed as

_____
                          (defendant's position and title, if any)

The defendant is sued in his/her: ☐ individual ☐ official capacity. (Check one or both).

Explain how this defendant was acting under color of law:

_____

_____

_____

## E. CLAIMS*

### CLAIM I

The following civil right has been violated:

_____

_____

_____

_____

_____

_____

_____

Supporting Facts: [Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right].

plaintiff was appointed an attorney Branden woods whom had NOT been trained To observe procedural process of attorney clier

there is more than one claim, describe the additional claim(s) on another attached piece of paper using the
: outline.

Relationship, Lack knowledge in Runs of proffesional Contact and Business proffessions may attempt plantiff means of Communicating. As a Legally Blind client, plaintiff was not allowed to communicate with attorney effectively, The attorney and County alternative defense panel had No grievance procedure, would not except telephone calls from clients and gave no address. plaintiff was unable to inform the County counsel alternative defense of his disability needs Concerns for Representation, cause he was blind, and no reasonable accomidations was afforded During any proceedings By two Brandenburds or The courts, cause plaintiff was Blind.

## F. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

1. Plaintiff Demands the Sum OF 2 million dollars for on against each named drid in Person...

2. punitive Damages in amount of 6 million dollars for and against each named plantiff for damages

3. Der... this my ...

4. Declartory Julic... ... ...

5. Further Orde... ... Just ...

_____
(Signature of Plaintiff)

9/10/8
(Date)

# EXHIBIT "D"

LODGED

2008 SEP 25 AM 11:35

CLER...
CENT... ...
B Y

FILED
CLERK, U.S. DISTRICT COURT

OCT - 3 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

INMATE #
K-89434
**RONNIE O. BROWN**

PLAINTIFF(S)

V.

**LEE BACA, ET AL.**

DEFENDANT(S)

CASE NUMBER

**CV08- 6311  (JWJ)**

**ORDER RE LEAVE TO FILE ACTION
WITHOUT PREPAYMENT OF FULL
FILING FEE**

**IT IS ORDERED** that the complaint be filed without prepayment of the full filing fee.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 1915, the prisoner-plaintiff owes the Court the total filing fee of $350.00. An initial partial filing fee of $ _____ must be paid within thirty (30) days of the date this order is filed. Failure to remit the initial partial filing fee may result in dismissal of your case. Thereafter, monthly payments shall be forwarded to the Court in accordance with 28 U.S.C. § 1915.

_____
Date

_____
United States Magistrate Judge

**IT IS RECOMMENDED** that the request of prisoner-plaintiff to file the action without prepayment of the full filing fee be **DENIED** for the following reason(s):

☐ Inadequate showing of indigency

☐ Failure to authorize disbursements from prison trust account to pay filing fee

☐ Failure to provide certified copy of trust fund statement for the last six (6) months.

☐ Other:_____

☐ District Court lacks jurisdiction

☐ Immunity as to _____

☑ Legally and/or factually patently frivolous

Comments:  _Plaintiff's allegations on their face do not state a viable civil rights claim. Based on plaintiff's extensive case filings in this district, it is clear that plaintiff has had substantial and unfettered access to the court._

_Sept. 26, 2008_
Date

_____
United States Magistrate Judge

**IT IS ORDERED** that the request of prisoner-plaintiff to file the action without prepayment of the full filing fee is:  ☐ **GRANTED**   ☑ **DENIED (See comments above).**

OCT - 2 2008

_____
Date

_____
United States District Judge



Ronnie O. Brown
K-89434
2737 W. Cecil ave
Delano, CA 93215
In Pro Se

2008 SEP 25 AM 11:36

FILING FEE PAID
Yes ___ No ___
IFP MOTION FILING
Yes ___ No ___
COMPLAINT TO
Court ___ Pro Se ___

**FILED**
AUG 28 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

RECEIVED & RETURNED
CLERK, U.S. DISTRICT COURT
OCT - 3 2008
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CV08-6311    (JWJ)
'08 CV 1580 BEN PCL

Ronnie O. Brown,
        plaintiff.
        v.
Lee Baca, LA.CO. Sheriff,
Lawrence, Beach, Allen,
Choi, Arron M. Fontara
attorney's AT LAW. et
        Defendants

Case NO. 4SE
Civil Rights Complaint
42 USC $1981, 1983, 1985
UN Ruh Act CIC. P. 17, 52

## I.
### Parties

1. Ronnie O. Brown is a state prisoner and a Competent aldult and United States Citizen of america and current Resident of CA. Located 2737 W. Cecil a Delano, ca 93215 Lee Baca is The Los Angeles County Sheriff, Strickland, Lawrence, Beach, Allen, Choi, and arron M. Fontana are Retained counsel Representing Lee Baca sheriff and County of Los Angeles. al current Residents of Los Angeles County.

## II

### INTRODUCTION

2. This is A civil rights Complaint coming under 42 U.S.C § 1982, 1983, and 1985 for civil rights violation by persons acting under color of Law and/or private persons whom has Conspired To deny The equal protections of Laws, Constitutions, Treaties, and/or priveleges And immunities from giving effect, while working as An attorney for Lee Baca sheriff L.A. County. Said Lawfirm did willfulls, unlawfully, and Recklessly, attempt To deny plaintiff A remedy of Relief To procedural Enforcement of The civil rights Act each of them acting in Concert.

## III

### Jurisdiction

3. 28 u.s.c § 1391(b)   28 U.S.C § 1393 (a)-(b), Federal Question Demand for Jury Trial.

## IV

### Statements of Claims

4. plaintiff is a Legally blind State prisoner UNDER/ADA and Litigant To Brown vs Baca CIV-07-00819 CAS JWJ, And on June 15, 2008 Arron M. fontanna having recieved written Notice of A court order To take all steps Necessary To assist plaintiff To have access To A court proceeding denied with disobedience The Court order and also denied documents requested by

Said individual Arron M. fontana and Lee Baca sheriff
Both working in concert discriminated against the
plaintiff cause he his blind and disobeyed the
Court order.

5. plaintiff was denied procedural assistance to
a proceeding or denied equal protections of Laws to
participate by filing Legal documents To a civil
rights Act before a court because Retained attorneys
Lawrence, Beach, Allen, choic, and Arron fontana
Conspired Together To deny Equal protections of the
Laws and without a reasonable assistance To A
pretrial detain after ordered by a court To do so.
plaintiff is legally Blind ordered by a doctor  not
reading fine print and defendant wouldn't assist.
plaintiff Because of his handicapp of Being
Blind after Requested by The plaintiff To help.

## V
### Relief

6.
1. Plaintiff demands The Sum of $800,000 from each named
defendant for conpensatory, nominal damages.

2. punitive Damages in The about of $10 millon dollars
for and against each named defendant.

3. Demand By Jury

4. Declaratory Relief of plaintiff Rights

5. Just and further order By The court.

JS44
(Rev. 07/89)

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Ronnie O. Brown

Baca, et al

**FILED**
**AUG 28 2008**
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFO
BY ____ DE

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Kern
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Ronnie O. Brown
PO Box 4999
Delano, CA 93215
K-89434

ATTORNEYS (IF KNOWN)

'08 CV 1580 BEN PCL

**II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)**
(For Diversity Cases Only)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

42 U.S.C. 1983

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURES/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding ☐ 2 Removal from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 | DEMAND $ | Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE _____ Docket Number _____

DATE 8/28/2008

SIGNATURE OF ATTORNEY OF RECORD
D. Miller